T. R. SMITH, Respondent, v. J. W. McCALL *et al.*, Appellants.

Kansas City Court of Appeals, December 2, 1895.

1. **Appellate Practice:** TRIAL BEFORE COURT: WEIGHING EVIDENCE. In a trial before the court where no instructions are asked and no exceptions as to evidence, the appellate court has nothing to do but to determine whether there is substantial evidence to sustain the finding.

2. **Bills and Notes:** DEFENSE: PROMISE OF SURETIES TO SUBSTITUTE OTHER NOTES: CONSIDERATION. After the giving of the note to the plaintiff on which the defendants were sureties, their principal promised to substitute another good note in its place within a given time. This he failed to do. *Held,* defendants were bound to their note and a voluntary statement of the plaintiff at the expiration of the time that he would not look for payment to the defendants, was *nudum pactum* and not binding.

3. **Appellate Practice:** WEIGHING EVIDENCE. The trial court is better situated to weigh the eveidence and the appellate court will not undertake to discredit its finding.

*Appeal from the Callaway Circuit Court.*—HON. JNO. A. HOCKADAY, Judge.

AFFIRMED.

*A. Finley* and *R. B. T. Oliver* for appellant.

(1) This cause was tried by the court without the intervention of a jury, and no declarations of law were asked or given. Such cases are reviewable by the appellate court upon the weight of the evidence. *Rannels v. Isgrigg*, 99 Mo. 19; *McGrath v. Mitchell*, 56 Mo. App. 626. (2) A surety is not bound beyond his agreement. Appellants only signed the note sued on to stand as sureties till the following Monday. *Bauer v. Cabanne*, 105 Mo. 118. It is an elementary proposition

that a surety is a favorite of the law, and his liability is *strictissimi juris.* To the extent and in the manner and under the circumstances pointed out in his obligation he is bound and no further. *Oberbeck v. Mayer,* 59 Mo. App. 293, and authority cited. (3) A parol agreement to release a surety is good and binding. The evidence in this case shows that Smith released these appellants as sureties on the note sued on, and that they relied on such release. *West v. Brison,* 99 Mo. 694; *Harris v. Brooks,* 21 Pick. 195; 2 Am. Leading Cases [5 Ed.], 481.

*Bailey & Tincher* for respondent.

(1) It is universally conceded, even by the authorities cited by appellants, that, where there is a substantial conflict in the testimony, the appellate court will not interfere with a verdict. If McCall's statement had been uncontradicted it would not have authorized a finding for defendants, as the promise not to hold the sureties would have been wholly without consideration. (2) Appellant contends that the surety is not bound beyond his agreement. We concede this. The agreement was, according to the written contract, that the sureties would pay the note, jointly with the principal; or, collaterally, see that a bankable note in lieu of it was given to Smith on the following Monday.

GILL, J.—This suit is on a promissory note for $100 and originated in a justice's court. The defendants lost the case there and met the same fate in the circuit court, where it was tried by the court sitting as a jury, and have now appealed to this court.

No instructions were asked or given, and no exceptions saved, to the admission or rejection of evidence, and we have nothing to do but determine whether

there was any substantial evidence which will sustain the court's finding and judgment.

The note was executed at Fulton, May 19, 1893, and was signed by one Humphrey and defendants McCall and Pierce. It was given for money borrowed by Humphrey, who is the principal in the note, and the defendants signed as his sureties. Defendants testified that when the note was signed it was the understanding that by the following Monday Humphrey would get another note, with other sureties, and substitute it for the note in suit. Plaintiff admitted that he agreed to take another good bankable note in place of the one signed by these defendants. But Humphrey failed to procure another note and a few days thereafter his creditors closed his business. He was engaged in running a small meat shop at the town of Chamois.

Defendants further testified that about a week after they signed the note, they met the plaintiff and after being advised by him that Humphrey had not furnished the note, which was to be taken in lieu of this one, he (the plaintiff) said to the defendants that he did not hold them any longer as sureties on the Humphrey note, etc. Plaintiff denied that he made any such statement.

The evidence in this case—a synopsis of which we have briefly stated—discloses no defense to this action. If full credit be given to everything testified to by these defendants, they can not escape liability on the note in suit. That Humphrey failed in his promise to get other security to put in place of the original note will not exempt said defendants from their obligation. And as to the alleged voluntary statement of the plaintiff, that he would not look to them for payment, this was a *nudum pactum* and was not binding on him. If such a statement should be made by the creditor to the surety and the surety should thereby be lulled into a

sense of security to his loss, then, as stated in *West v. Brison*, 99 Mo. 693, an estoppel might arise. But no such elements appear here. There is nothing here to show that this alleged statement by the plaintiff, to the effect that he would not hold the defendants, induced these defendants to do or not to do anything. Indeed, the evidence tends strongly to prove that there was nothing they could have done to save themselves from loss in the premises. Humphrey was all the time insolvent and his limited assets in the hands of his creditors.

But more than this the trial judge very likely doubted the testimony of these defendants in relation to the alleged statement of the plaintiff and found the facts as given by the plaintiff. If so, we can not undertake to discredit his finding. He was present at the trial, heard the witnesses testify, etc., and was better situated to determine where the truth was than we are. There is no merit in the appeal and the judgment will be affirmed. All concur.

